IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| BARBARA EDWARDS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FERNANDEZ & SAUNDERS, P.A., a Florida Professional Association, AND JOSEPH SAUNDERS, an individual,<br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  1:06CV54 DAK |

This matter is before the court on Defendant Fernandez & Saunders, P.A. and Joseph Saunders' (collectively, "Defendants") Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, for Change of Venue.  A hearing on the motions was held on October 3, 2006.  At the hearing, Plaintiff was represented by Randall G. Phillips. Defendants were represented by D. Jason Hawkins and Reed Martineau.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motion under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

**FACTUAL BACKGROUND**

Defendants have moved this court to dismiss Barbara Edwards's ("Plaintiff") Complaint for lack of personal jurisdiction, or, in the alternative, to transfer venue to the Middle District of Florida, where Defendants reside.  The parties do not dispute that this court may not assert

general jurisdiction over Defendants.   Plaintiff, however, maintains that the court may exercise specific jurisdiction over Defendants to adjudicate the alleged injuries suffered by Plaintiff arising from Defendants' prior legal representation of Plaintiff.  Defendants disagree.  Defendants also maintain that Utah is not an appropriate venue for hearing this case.

Defendants previously represented Plaintiff in litigation relating to Plaintiff's use of Phen-Fen. This Phen-Fen litigation occurred in the state court of Florida and later in the Eastern District of Pennsylvania.  The attorney-client relationship ended while the litigation was still pending.

In 2005, Plaintiff filed a Complaint against Defendant Fernandez & Saunders in Utah state court for legal malpractice (the "2005 Lawsuit").  In the instant case, Plaintiff states that "[t]his action is essentially a continuation of a nearly identical lawsuit filed on March 10, 2005."  In the 2005 Lawsuit, Defendant Fernandez & Saunders removed the state court action to the Federal District Court for the District of Utah.   After the 2005 Lawsuit was transferred to this court and assigned to the Honorable Bruce Jenkins, Defendant Fernandez & Saunders moved under Rule 12(b)(3) to dismiss the case for improper venue or in the alternative to transfer the litigation to the Eastern District of Pennsylvania.  Judge Jenkins granted the motion of Defendant Fernandez & Saunders, finding venue to be improper in Utah.  The case was then transferred to the Eastern District of Pennsylvania.  Plaintiff's claims against Defendant Fernandez & Saunders, P.A. are still pending in the Eastern District of Pennsylvania.

There is no dispute that Defendants are domiciled in Florida; that Fernandez & Saunders is not registered in the state of Utah; that Defendants never represented Plaintiff in any matter in

any court in the State of Utah; and that Defendants never met with Plaintiff in person.  In addition, Defendants have submitted an affidavit asserting that they have never owned property in Utah, employed any agent in Utah, traveled to Utah, maintained bank accounts or assets in Utah, paid taxes in Utah, or been registered to practice law in Utah.   In short, Defendants argue that "[t]here is no basis on which to subject Defendants to the jurisdiction of this court" because Defendants have made "only the slightest contacts with Utah, consisting of a limited attorney-client relationship that concerns litigation in other states and was solicited by [Plaintiff]."

## DISCUSSION

### I. Personal Jurisdiction

When a court's jurisdiction is contested on a motion to dismiss under Federal Rule of Civil Procedure 12(b), a plaintiff bears the burden of establishing personal jurisdiction over the defendant.  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998); *Systems Designs, Inc. v. New Customware Co., Inc.*, 248 F. Supp. 2d. 1093, 1095 (D. Utah 2003).  In the preliminary stages of litigation, the plaintiff bears the burden of establishing a prima facie case of jurisdiction.  *Hafen v. Strebeck*, 338 F. Supp 2d. 1257, 1260 (D. Utah 2004); *Electronic Realty Assoc. v. Vaughan*, 897 F. Supp. 521, 521 (D. Kansas 1995) (citing *McNutt v. General Motors*, 298 U.S. 178, 189 (1936)).  The plaintiff's burden is light.  *Vaughan*, 897 F. Supp. at 521. All factual disputes are resolved in favor of the plaintiff when determining the sufficiency of plaintiff's showing.  *Purco Fleet Servs., Inc. v. Towers*, 38 F. Supp. 2d. 1320, 1322 (D. Utah 1999); *Wenz v. Memory Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995).

Where a defendant does not reside in Utah, this court may exercise personal jurisdiction over the defendant only if there are sufficient "minimum contacts" between the defendant and

Utah, such that the defendant could "reasonably anticipate being haled into court" in Utah. *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004) (citations omitted); *Bathcrest, Inc. v. Safeway Safety Step, Inc.,* 417 F. Supp. 2d 1236, 1239 (D .Utah 2006). The minimum contacts standard may be met in two ways. First, where the defendant has "continuous and systematic general business contacts" with the forum state, courts in the forum state are permitted to exercise power over a defendant regardless of the subject of the claim asserted. *Arguello v. Indus. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992). Second, where the "defendant has 'purposefully directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "'arise out of or relate to' those activities." *Bell Helicopter Textron, Inc.*, 385 F.3d at 1296 (citations omitted).

"[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: (1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process." *National Petroleum Mkt'g, Inc. v. Phoenix Fuel Co.*, 902 F. Supp. 1459, 1465 (D. Utah 1995) (citations omitted). Utah's long-arm statute provides, in pertinent, part as follows:

> Any person ... who in person or through an agent does any of the following enumerated acts, submits himself ... to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>   (1) the transaction of any business within this state;
>   (2) contracting to supply services or goods in this state;
>   (3) the causing of any injury within this state whether tortious or by breach of warranty.

Utah Code Ann. § 78-27-24(1)-(3) (2002 & Supp. 2003).

The phrase "transacting business" includes activities of a non-resident person in this state which "affect persons or business within the state." *Id.* § 78-27-23(2) (2002). These words are liberally and expansively interpreted such that "a person may transact business within the state despite an absence of physical presence in Utah." *Nova Mud Corp. v. Fletcher*, 648 F. Supp. 1123, 1126 (D. Utah 1986). The Utah long-arm statute is intended to be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78-27- 22; *see also Starways, Inc. v. Curry*, 980 P.2d 204, 206 (Utah 1999). Accordingly, the Utah Supreme Court "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998).

Under due process standards, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citations omitted). The "minimum contacts" necessary for specific personal jurisdiction are established if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to those activities." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

In this case, Plaintiff argues that regardless of whether Defendants have sufficient minimum contacts to satisfy the requirements of specific jurisdiction, "Defendants should be

5

deemed to have waived their ability to raise a lack of personal jurisdiction defense in this action," based on Defendants' 2005 Lawsuit.

  A.  Waiver of Lack of Jurisdiction Defense

A defense based on lack of personal jurisdiction is a personal defense and can be waived by the failure to timely assert the defense, or by voluntarily appearing before a court. Fed. R. Civ. Pro. 12(h)(1); *Williams v. Life Sav. & Loan,* 802 F.2d 1200 (10th Cir.1986). Plaintiff argues that because the Defendant law firm "did not challenge the courts [sic] personal jurisdiction over the Defendant(s) [in the 2005 Lawsuit] . . . Defendants should be deemed to have waived their ability to raise a lack of personal jurisdiction defense in this action." (Pl.'s Mem. in Opp'n at. 3). Plaintiff fails to address the fact that Defendant Joseph Saunders, as an individual, was not a party to the 2005 Lawsuit.

Defendants, on the other hand, contend that Plaintiff's waiver theory is unsupported and "would impose immense changes on the federal legal system" because "any party who has ever been successfully sued in a jurisdiction would forever thereafter be subject to jurisdiction there. This would create a huge loophole in the traditional minimum contacts analysis, in that no nexus would be required between a plaintiff's claims and a defendant's acts." The court finds that Defendant Fernandez & Saunders's failure to raise this issue in the 2005 Lawsuit does not constitute a waiver of personal jurisdiction in the present case.

Plaintiff also argues that Defendants have waived the personal jurisdiction defense because Defendant Fernandez & Saunders made a motion to dismiss the 2005 Lawsuit, thereby seeking affirmative relief. *See Bel-Ray Co. v. Chemrite (Pty)* Ltd., 181 F.3d 435, 443 (3rd Cir. 1999) (stating that "where a party seeks affirmative relief from a court, it normally submits itself

to the jurisdiction of the Court with respect to the adjudication of claims arising from the same subject matter.")  Plaintiff argues that because the 2005 Lawsuit and the present lawsuit are "nearly identical," Defendants have submitted themselves to the jurisdiction of this court.  The filing of a motion to dismiss or a motion to transfer, however, does not constitute "affirmative relief."  *See* Black's Law Dictionary (8th ed. 2004) (defining "affirmative relief" as "[t]he relief sought by a defendant by *raising a counterclaim or cross-claim* that could have been maintained independently of the plaintiff's action.") (emphasis added).

      B.      Plaintiff's Prima Facie Case of Jurisdiction

Plaintiff argues that, in any event, she has established a prima facie case of personal jurisdiction.  Plaintiff contends that by appearing and defending in the 2005 Lawsuit Defendants purposefully availed themselves of the privilege of conducting activities within the forum State.  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).  This argument is without merit.  Defendant Fernandez & Saunders appeared in response to a complaint filed by Plaintiff, in a forum of the Plaintiff's choosing. Further, there is no nexus between Defendants' appearance in the 2005 Lawsuit and Plaintiff's alleged injuries.

Next, Plaintiff argues that Defendants have advertised on the Internet, and by doing so, they have solicited clients in Utah.  The analytical framework set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc*. 952 F.Supp. 1119, 1123-24 (W.D. Pa.1997) has been used by this court to address jurisdiction based on Internet websites.  *Patriot Sys., Inc. v. C-Cubed Corp.*, 21 F. Supp. 2d 1318, 1320 (D. Utah 1998); *Stewart v. Hennesey,* 214 F. Supp. 2d 1198, 1202 (D. Utah 2002).  In *Zippo*, the court established a sliding-scale approach based on the interactivity of the particular website. *Zippo Mfg. Co.*, 952 F.Supp. at 1123-24.  The *Zippo* court classified websites

into three categories: (1) "passive" web sites that merely provide information or advertise products; (2) interactive web sites that allow users in the forum to exchange information; and (3) interactive websites that sell products or services into the forum jurisdiction. *Id.* Maintenance of a passive website that does little more than provide available information to the interested user is not a proper basis on which to exercise personal jurisdiction. *Id.*; *Stewart,* 214 F. Supp. 2d at 1202.  Plaintiff's complaint does not allege that Defendants' website is interactive, and Plaintiff merely argues that Defendants' website and Internet advertisements provide information to prospective clients.  The facts pertaining to Defendants' Internet website and advertising, even when accepted as true for purposes of this motion, are insufficient to provide a basis for exercising jurisdiction over Defendants.

  Finally, Plaintiff relies on several cases to argue that Defendants' legal representation under the facts of this case are sufficient establish a prima facie case of jurisdiction. *See, e.g.*, *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 213 (5th Cir. 1999); *Oriental Trading Co. v. Firetti*, 236 F.3d 938 (8th Cir. 2001); *Heritage House Restaurants, Inc. v. Continental Funding group, Inc.*, 906 F.2d 276 (7th Cir. 1990).  The court finds, however, that these cases are distinguishable in material respects, and therefore, they do not support Plaintiff's argument.  It is well-established that merely "providing out-of-state legal representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides." *Cape v. von Maur,* 932 F. Supp. 124, 128 (D. Md. 1996) (citing numerous cases).  In this case, even when accepting all of Plaintiff's allegations as true, Plaintiff has failed to establish that 'minimum contacts' exist between the Defendants and Utah.   Accordingly, the court may not exercise personal jurisdiction over these nonresident Defendants.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. Defendants' Alternative Motion for Change of Venue is MOOT. This action is therefore dismissed without prejudice, and the Clerk of the Court is directed to close the case.

DATED this 7th day of December, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge